UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF BOSTON
BOSTON, MASSACHUSETTS.

ALEXANDER A. OGENUGA ) A20-750-464
)
PETITIONER Pro Se )
)
)
Vs. )

RECEIVED
Clerk's Office
USDC, Mass.
Date 1/27/05
By M.P.
Deputy Clerk

JOHN ASHCROFT

U.S. ATTORNEY GENERAL

05 cv 10170 PBS

MICHEAL GARCIA

ASSISTANT SECRETARY, B.I.C.E

PETITION FOR A WRIT OF HABEAS-
CORPUS, PURSUANT TO 28 U.S.C.
SECTION 2241

AND A REQUEST FOR A STAY OF REMOVAL

PETITIONER, ALEXANDER ADEWALE OYENUGA HEREBY PETITIONS THIS COURT FOR A WRIT OF HABEAS CORPUS TO REMEDY HIS UNLAWFUL DETENTION AND TO ENJOIN HIS UNLAWFUL DETENTION BY THE RESPONDENTS. IN SUPPORT OF THIS PETITION AND COMPLAINT FOR INJUNCTIVE RELIEF, PETITIONER ALLEGES AS FOLLOWS.

# CUSTODY

PETITIONER IS IN THE PHYSICAL CUSTODY OF THE DEPARTMENT OF HOMELAND SECURITY AND HE IS BEING HOUSE AT PLAQUEMINE PARISH DETENTION CENTER, LOCATED IN BRAITHWAITE LOUISIANA THAT BEING THE CONTRACT FACILITY USED BY THE INS.

# JURISDICTION

THIS HONORABLE COURT HAS JURISDICTION UNDER 28 U.S.C. 2241  art 1,9.Cl.2 OF THE UNITED STATES CONSTITUTION AND 28 U.S.C. 1331, AS PETITIONER IS PRESENTLY IN CUSTODY UNDER

THE COLORS OF THE AUTHORITIES OF THE UNITED STATES AND AS SUCH IN VIOLATION OF THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES, See Zadvydas V. Davis 533 U.S. 678, 121 S.Ct 2491 (2001). THIS COURT MAY GRANT RELIEF PURSUANT TO 28 U.S.C. 2241. 5 U.S.C 702 AND THE ALL WRITS ACT 28 U.S.C. 1651 .

## VENUE

VENUE LIES IN THE UNITED STATE DISTRICT COURT IN BOSTON, MASSACHSETTS, PURSUANT TO Braden V. 30TH JUDICIAL CIRCUIT COURT OF KENTUCKY, 410 U.S. 484, 493-500 (1973), THE JUDICIAL DISTRICT IN WHICH THE PETITIONER RESIDED AT THE TIME OF HIS HEARING BEFORE JUDGE LEONARD I. SHAPIRO, UNITED STATES IMMIGRATION JUDGE IN BOSTON. IT IS WITHIN THIS DISTRICT THE ALLEGED VIOLATION TOOK PLACE, THIS COURT IS WITHIN THE DISTRICT WHERE THE PETITIONER LIVED AND WORKED FOR YEARS.

IT IS WITHIN THIS DISTRICT THAT EVIDENCE PERTINENT TO THIS CASE/CLAIM CAN BE FOUND, WHERE HIS AMERICAN CITIZEN CHILDREN RESIDE. SINCE THIS COURT WILL NOT NECESSARILY REQUIRE THE APPEARANCE OF ALEXANDER IN THIS COURT TO ADJUDICATE THIS PETITION, IT MAY AS A MATTER OF DISCRETION TO RETAIN THIS MATTER IN THE DISTRICT COURT OF BOSTON MASSACHUSETTS See. ~~Davis V.~~ Clavis V. Ashcroft, — F. Supp. 2d — (EDNY 2003).

FURTHERMORE, RESPONDENTS ARE ALL FEDERAL AGENCIES AND AT LEAST ONE OF THEM RESIDE OR CONDUCT BUSSINESS IN THIS DISTRICT. See 28 U.S.C § 1391 (e)(c). SEE ALSO FRCP RULE 4(e).


## EXHAUSTION OF ADMINISTRATIVE REMEDIES.


PETITIONER HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES AVAILABLE AS OF RIGHT AND HIS ONLY AVENUE LEFT IS BY WAY OF THIS JUDICIAL ACTION.

FURTHERMORE, PETITIONER PRESENTS SOME

CONSTITUTIONAL CHALLENGES TO THE LAWFULNESS OF HIS DETENTION UNDER 8 U.S.C. § 1226 (c). IT IS WELL ESTABLISHED THAT THERE IS NO STATUTORY EXHAUSTION REQUIREMENT TO JUDICIAL CHALLENGES OF D.H.S. CUSTODY. See TAM v. INS 14 F. Supp. 1184, 1189 (E.D. (A) 1998). CONGRESS HAS NOT SPECIFICALLY MANDATED AN EXHAUSTION FORCE BEFORE JUDICIAL REVIEW OF I.C.E CUSTODY DETERMINATIONS. See Also, McCarthy V. Madigan, 503 U.S. 140, 144 (1992).

IN ANY EVENT, THIS PETITIONER HAS EXHAUSTED ALL REMEDIES AVAILABLE AS OF RIGHT AND THUS, THIS ISSUE NEED NOT BE ARGUED AT EXTRA LENGTH.

## PARTIES

PETITIONER IS A NATIVE CITIZEN OF NIGERIA WHO WAS ADMITTED TO THE UNITED STATES ("U.S.") AT BOSTON, MASSACHUSETTS ON OR ABOUT AUGUST 20TH 1972 AS A STUDENT AND GRADUATED FROM BRIDGEWATER STATE COLLEGE MAJORING IN BIOLOGY AND CHEMISTRY.

On July 2nd, 1975 his status was adjusted to that of a permanent resident. On July 8 1997, Petitioner was convicted in the Fall-River District Court for the offence of Larceny by check in violation of Mass. Gen. Laws Ch. 266 § 37 and was sentenced based on a plea agreement entered with the Government on June 27th 1996, sentence suspended in lue of making restitution to other party.

As a result he is charged with removability pursuant to Sec. 237 (a)(2)(A)(iii) of the Act. His family members include siblings who are American citizens and three American citizen sons who all reside in New Bedford Mass.

Respondent Tom Ridge is the Secretary for the Department of Homeland Security (D.H.S.) Under the 2002 Homeland Security "Act" the "I·N·S" was abolished and its functions transferred to D.H.S. and renamed the Bureau of

IMMIGRATION AND CUSTOMS ENFORCEMENT ('B.I.CE)
IN THAT CONTEXT, MR. RIDGE IS RESPONSIBLE
FOR THE IMPLEMENTATION OF THE "B.I.C.E." LAWS
PURSUANT TO 8. U.S.C § 1103. HE IS NOW
CHARGED WITH TAKING INTO CUSTODY OF
REMOVABLE ALIENS, A DUTY FOR THE ATTORNEY
GENERAL'S OFFICE. 8 U.S.C. 1226(c); MR. RIDGE
IS SUED IN THAT CAPACITY

RESPONDENT, MICHEAL GARCIA IS THE
SECRETARY FOR THE BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT. HE HAS THE
RESPONSIBILITY FOR THE ADMINISTRATION AND
IMPLEMENTATION AND ENFORCEMENT OF ALL
IMMIGRATION LAWS, HE IS SUED IN HIS
OFFICIAL CAPACITY

RESPONDENT, DEPT. OF JUSTICE AND
HOMELAND SECURITY ARE MADE PARTY DEFENDANT
RESPONSIBLE FOR THE OVERALL DETENTION AND
REMOVAL OF ALL ALIENS SIMILARLY SITUATED
AS THIS PETITIONER.

DETAINED IN THE NEWORLEANS DISTRICT. THIS
RESPONDENT IS BEING SUED IN HIS OFFICIAL
CAPACITY.

RESPONDENT DEPT. OF JUSTICE AND HOMELAND
SECURITY ARE MADE PARTY DEFENDANTS RESPONSIBLE
FOR THE OVERALL DETENTION AND REMOVAL OF ALL
ALIENS SIMILARLY SITUATED AS THIS PETITIONER.

## FACTS AND PROCEDURAL HISTORY

PETITIONER IS A 54 YEAR OLD MALE NATIVE CITIZEN
OF NIGERIA. HE WAS ADMITTED TO THE UNITED STATES
AT AGE 22.

ON JANUARY 13, 1998, THE FORMER "I.N.S" ("BICE")
SERVED MR OYENUGA WITH A NOTICE TO APPEAR("NTA")
WHICH CHARGED HIM WITH BEING REMOVABLE FROM THE
UNITED STATES PURSUANT TO § 237(a)(2)(A)(iii)
OF THE ACT, 8 USC 101(a)(43)(G) OF THE ACT AND
HAVING BEEN CONVICTED IN 1997 IN THE FALL RIVER
DISTRICT COURT, FALL RIVER MASSACHUSETTS FOR THE
OFFENCE OF LARCENY BY CHECK IN VIOLATION OF
CHAPTER 266, SECTION 37 OF THE MASSACHUSETTS
GENERAL LAWS AND SENTENCED TO A SUSPENDED

8

SENTENCE, AND MADE RESTITUTION TO SAID VICTIM.

AT THE PETITIONERS MARCH 24 1999 HEARING THE IMMIGRATION JUDGE [I.J] ENTERED AN ORDER REMOVING THE PETITIONER TO NIGERIA AS CHARGED ON THE NTA. PETITIONER NOW BRINGS THIS HABEAS CORPUS PETITION IN THIS COURT, RAISING THE FOLLOWING ISSUES:

[i] UNDER THE 2003 KIM V. DEMORE, 228 US ——, HIS CONTINUED MANDATORY DETENTION WHICH HAS LASTED MORE THAN ONE YEAR AND 3 MONTHS EXCEEDS WHAT IS CONSIDERED REASONABLE AND IS THEREFORE UNLAWFUL AND UNCONSTITUTIONAL

[II] PETITIONER HAS BEEN DETAINED AFTER A FINAL ORDER ISSUED WITHOUT A STAY OF REMOVAL WELL OVER THE "SIX MONTHS PRESUMPTIVE REMOVAL PERIOD" DEEMED REASONABLE BY THE U.S. SUPREME COURT IN Zadvydas V. DAVIS, 533 · U·S· 678, 121 S. CT. 2491, 150 L·ED 2d 653 (2001) AND THEREFORE HIS INDEFINITE DETENTION WITHOUT A SHOWING OF A "REASONABLE LIKELIHOOD OF REMOVAL IN THE NEAR FUTURE CONTRAVENES THE LAW OF THE LAND; AS IT EXCEEDS ITS STATUTORY PURPOSE OF SECURING REMOVAL.

9

PETITIONERS CONTINUED PROLONG DETENTION VIOLATES HIS RIGHT TO SUBSTANTIVE DUE PROCESS THROUGH THE DEPRIVATION OF LIBERTY FROM BODILY RESTRAIN. THE DUE PROCESS CLAUSE OF THE 5TH AMMENDMENT REQUIRES THAT THE DEPRIVATION OF LIBERTY BE NARROWLY TAILORED TO A COMPELLING GOVT. INTEREST. See, Reno v. Flores 507, 215 (1993). HIS LENGTH OF DETENTION IS EXCESSIVE AND THEREFORE DOES NOT SERVE ANY PURPOSE AND IT IS NARROWLY TAILORED AND THEREFORE UNCONSTI- TUTIONAL. — See, Chi Thon Ngo v. Reno 1999 DECISION BY THE 3RD CIRCUIT COURT OF APPEALS

IN A RECENT DECISION OF THE BOARD OF IMMIGRATION APPEALS, THE BOARD ACKNOWLEDGED THAT IT APPEARS THE PETITIONER IS PURSUING COLLATERAL RELIEF FROM THE JULY 7, 1997 CONVICTION UNDER- LYING HIS REMOVAL ORDER BUT HE HAD NOT PROVIDED COURT DOCUMENTS DEMONSTRATING THAT THE CONVICTION HAS BEEN VACATED ON GROUNDS THAT AFFECT HIS REMOVABILITY. IT IS WELL ESTABLISHED THAT THE BOARD WILL ONLY ENTERTAIN A COLLATERAL ATTACK ON A CONVICTION WHEN JUDGMENT IS VOID

ON ITS FACE BASED ON CONSTITUTIONAL AND
STATUTORY VIOLATIONS AT TRIAL AND WILL NOT
LOOK BEHIND THE CONVICTION RECORD TO DETERMINE
WHETHER OR NOT THE PETITIONER HAS BEEN CITED
CONVICTED OF THE CITED OFFENCE. See Matterofc,
-20 I&N Dec. 529, 532 (BIA) 1992; Matter of
Fortis, 14 I&N Dec. 576, 577 (BIA 1974)

Listed AS Exhibit #1

PETITIONER THROUGH COUNSEL INFACT
PRESENTLY HAS FILED A MOTION TO WAIVE HIS
PRESENCE AND TO REVOKE PLEA AND VACATE
GUILTY FINDING AT THE COMMONWEALTH OF
MASSACHUSSETT DISTRICT COURT IN STRAIGHTON
MASS. SEE EXHIBIT #2 AND
ARGUEMENTS CONTAINED IN SAID MOTION TO
VACATE JUDGEMENT OF GUILT IS IN COMPLIANCE
WITH THE B.I.A. REQUIREMENTS. See Exhibit
#2. THERE IS A WELL FOUNDED LIKELIHOOD OF
THE PETITIONERS SUCCESS ON THE MERIT.

NOTING THAT THIS HONORABLE COURT GRANT
WRITS OF HABEAS CORPUS WITHOUT THE
VACATION OF UNDERLYING IMMIGRATION
VIOLATION, PETITIONER RESPECTFULLY
SEEK THE CONSIDERATION OF THIS COURT

11

IN CONSIDERING SUCH FACTOR WHEN IT MAKE THE DECISION TO GRANT HIS WRIT OF HABEAS CORPUS

## ARGUMENTS IN SUPPORT OF HABEAS CORPUS FOR PERMANENT RESIDENT

SINCE THE GOVERNMENT WILL NOT NECESSARILY REQUIRE THE APPEARANCE OF THE PETITIONER IN THIS COURT TO ADJUDICATE THIS PETITION, IT MAY AS WELL AND AS A MATTER OF DISCRETION RETAIN THIS MATTER IN THE EASTERN DISTRICT OF LOUISIANA. SEE DAVIS V. ASHCROFT — 7. SUPP. 2nd — (EDNY 2003)

THE PETITIONERS CONTINUED DETENTION UNDER THE MANDATORY DETENTION PROVISION OF § 236(c) OF THE ACT IS UNLAWFUL AND UNCONSTITUTIONAL UNDER THE SUPREME COURT MANDATE IN KIM SUPRA, SINCE HE HAS BEEN DETAINED WELL OVER WHAT IS CONSIDERED REASONABLE AND HE HAS CHALLENGE HIS CHARGE OF REMOVABILITY AT THE BIA
IN RECENT YEARS SEVERAL COURTS AROUND THE COUNTRY HAD RULED THAT THE MANDATORY DETENTION

12

PROVISION PROVISIONS OF 8 USC 1226(c), TO BE
UNCONSTITUTIONAL " AS APPLIED TO PERMANENT RESIDENT
ALIENS LIKE THIS PETITIONER WILL PRESENT A VIABLE
DEFENSE TO REMOVAL AND ARE ELIGIBLE FOR RELIEF
FROM REMOVAL. See: Roginski V. Reno, 94 F. Supp.
2d, 177, 181 (D. Conn. 1999) ; Zgobic V. Faju harason
89 F. Supp 2d 22 (D. Conn 2000).

        HOWEVER THE U.S. SUPREME COURT ON APRIL 29TH
2003 HELD IN KIM V. Demore    538 U.S ___ 2003
THAT THE INS DETENSION OF KIM, A
CRIMINAL ALIEN WHO HAS CONCEEDED REMOVABILITY
FOR THE LIMITED PURPOSE OF LESS THAN 6 MONTHS
IS CONSTITUTIONAL.
        IN CONTRAST TO THE ABOVE CASE, THIS
PETITIONER HAS BEEN DETAINED FOR OF WELL OVER
1 YEAR (15 MONTHS) IN EXCESS OF THE 6 MONTHS
SUGGESTED IN KIM. IN IT'S DECISION FINDING KIM
DETENTION TO PASS CONSTITUTIONAL MUSTER TEST,
THE SUPREME COURT RELIED NOTABLY, IN THE
RATIONALE OF PARRA V. PERRYMAN, 172 F. 3d
954 (7TH CIR. 1999).

13

Farih carved out three categories of aliens whose deportation is not certain.

(1) Aliens who claim to be citizens

(2) Aliens who claim they have not been convicted of offence that triggers removal [CR] in the case of this petitioner who is engaged in a collateral attack of the underlying crime that triggers his removal.

(3) Aleins who have no country to which they can be removed — Id at 957

These aliens can bring due process challenges to § 236 (c)

See (1) Benson v. Perryman, 240 F. Supp. 2d. 823 (N.D.I. 2003)
(2) Vang v. Ashcroft, 149 F. Supp. 2d. 1927, 1035 (N.D.I 2001)
(3) Gill v. Ashcroft 2002 WL 1163729 at 4 (N.D.I. May 31 2002)

14

BONZEL AND GILL — INVOKE PARA'S SECOND EXCEPTION
HOLDING THAT IF THE DETAINED ALIEN HAS A LEGITIMATE
POTENTIAL DEFENCE TO REMOVAL [ IN THIS CASE-SEE
EXHIBIT #2 ], HE MAY BE ELIGIBLE FOR BOND
FOR RELEASE WHILE AWAITING A FORMAL REMOVAL
DECISION.

IN BONSEL AND VANG FOR EXAMPLE, THE ALIEN
CONTENTION THAT HE HAD NOT COMMITED AN
AGGRAVATED FELONY —— IN THE CASE OF ALEX
OYENUGA HIS PURSUIT OF COLLATERAL ATTACK
OF THE UNDERLYING CONVICTION THAT RENDERED
HIM REMOVABLE AND THE LIKELIHOOD OF
SUCCESS ON THE MERIT —— CAST SUFFICIENT
DOUBT ON THE INEVITABILITY OF HIS REMOVAL
AND DESERVE THE POSSIBILITY OF RELEASE ——
① SEE - VANG, 149 F. Supp 2nd at 1036

② IN GILL, THE PETITIONER CLAIMED THAT HIS
ILLINOIS DISPOSITION WAS NOT A CONVICTION
FOR THE PURPOSE OF IMMIGRATION STATUTE
— GILL, 2002 WL 1163729 AT 1.

AND FOR DETENTION TO REMAIN REASONABLE, AS
THE PERIOD OF POST DETENTION REMOVAL GROWS, WHAT
COUNTS AS THE "REASONABLE FUTURE" CONVERSELY
WOULD HAVE TO SHRINK

THE DISTRICT COURT AGREED AND GRANTED
THE RESPONDENT'S PETITION SUBJECT TO THE INS
PROMPT UNDERTAKING OF AN INDIVIDUALIZED
BOND HEARING AFTER WHICH THE RESPONDENT
WAS RELEASED EN BOND.

THE NINTH CIRCUIT COURT, HELD THAT
§ 1226(c) VIOLATED SUBSTANSIVE DUE PROCESS
AS APPLIED TO THE RESPONDENT BECAUSE HE
IS A LAWFUL PERMANENT RESIDENT [ THE MOST
FAVORED CATEGORY OF ALIENS ]. THE COURT
REJECTED THE GOVERNMENTS TWO PRINCIPAL
JUSTIFICATIONS FOR MANDATORY DETENTION UNDER
( 1226 (c) ). DISCOUNTING THE FIRST
JUSTIFICATION "ENSURING THE PRESENCE OF
CRIMINAL ALIENS AT THEIR REMOVAL HEARING
--- UPON FINDING THAT NOT ALL ALIENS DETAINED
PURSUANT TO § (1226 (c) ) WOULD ULTIMATELY
BE DEPORTED - - - - - AND, DISCOUNTING THE

— PROTECTING THE PUBLIC FROM DANGEROUS CRIMINALS (ALIEN) — ON THE GROUNDS THAT THE AGGRAVATED FELONY CLASSIFICATION TRIGERING RESPONDENT'S DETENTION INCLUDED CRIMES (SUCH AS THIS PETITIONER) THAT THE COURT DID NOT CONSIDER "EGREGIOUS" OR OTHERWISE SUFFICIENTLY DANGEROUS TO THE PUBLIC — ["EVER DRAWING HIS BANK ACCOUNT]" TO MANDATE INDEFINITE DETENTION.

RELYING ON Zadvydas V. Davis, 533 U.S 678 THE COURT CONCLUDED THAT THE INS HAD NOT PROVIDE JUSTIFICATION FOR NO-BAIL CIVIL DETENTION TO OVERCOME A PERMANENT RESIDENT ALIEN LIBERTY INTEREST. THIS CHALLENGE TO § 1226(c) IS THE FRAMEWORK THAT PERMITS DETENTION WITHOUT BAIL.

RESPONDENT DOES NOT CHALLENGE INS' AUTHORITY TO TAKE HIM INTO CUSTODY AFTER HE FINISHES SERVING HIS CRIMINAL SENTENCE, HIS CHALLENGE IS SOLELY TO § 1226(c) ABSOLUTE PROHIBITION ON HIS RELEASE FROM DETENTION — EVEN WHERE AS HERE, THE INS NEVER ASSERTED THAT HE POSED A DANGER TO THE PUBLIC OR

·7

A FLIGHT RISK.

THE DISTRICT COURT AGREED AND GRANTED THE RESPONDENT'S PETITION SUBJECT TO INS PROMPT UNDERTAKING OF AN INDIVIDUALIZED BOND HEARING TO DETERMINE WHETHER RESPONDENT POSED EITHER A FLIGHT RISK OR DANGER TO THE COMMUNITY. DECISION: INS RELEASED RESPONDENT ON A $5000 BOND. THE INS MUST PROVIDE A JUSTIFICATION "FOR NO-BAIL CIVIL DETENTION SUFFICIENT TO OVERCOME A LAWFUL PERMANENT RESIDENT ALIEN'S LIBERTY INTREST." 276 F. 3d, at 535. THREE OTHER COURTS OF APPEALS HAVE REACHED THE SAME CONCLUSION, See

① Patel V. Zemski, 275 F. 3d 299 (CA. 3 2001)

② Welch V. Ashcroft, 293 F. 3d 213 (CA. 4 2002)

③ Hoang V. Comfort. 282 F. 3d 1247 (CA 10 2002)

18

## MOTION FOR A STAY OF REMOVAL

PETITIONER MOVES THIS COURT FOR A STAY OF REMOVAL PENDING THE FINAL DECISION ON THIS CASE

THIS EMERGENCY STAY IS NECESSARY IN ORDER TO PREVENT THE PETITIONER FROM BEING DEPORTED BEFORE THIS COURT RULES ON HIS HABEAS PETITION. WITHOUT A STAY, THE COURT'S REVIEW OF THE PETITIONER'S HABEAS PETITION MAY BE RENDERED MOOT. EVEN IF HE ULTIMATELY PREVAILS ON HIS PETITION, IT WILL NOT SAVE THE PETITIONER IF HE IS DEPORTED AS HE WILL HAVE SUFFERED. MOST COMPELLING PETITIONER HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE ISSUE OF HIS COLLATERAL ATTACK OF THE THAT CRIMINAL CONVICTION UNDERLYING HIS IMMIGRATION DEPORTATION ISSUE.

HARM TO PETITIONER OUTWEIGHS THE HARM TO THE GOVERNMENT.

THE RESPONDENTS WILL NOT SUFFER SIGNIFICANT HARM IF THIS COURT GRANTS A STAY OF THE PETITIONERS REMOVAL. THE STAY WOULD SIMPLY PRESERVE THE STATUS QUO. IN CONTRAST THE DENIAL OF A STAY WOULD CAUSE IMMEDIATE AND SIGNIFICANT HARM TO THE PETITIONER AND

19

AND HIS THREE AMERICAN CITIZEN SONS. MOST COMPELLING PETITIONER HAVE A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERIT OF HIS COLLATERAL ATTACK OF HIS REMOVAL.

"HARM TO THE PETITIONER OUTWEIGHS THE HARM TO THE GOVERNMENT."

GRANTING A STAY WILL SERVE THE PUBLIC INTEREST AS IT SECURES THE COMPLIANCE WITH THE LAWS AND CONSTITUTION OF THE UNITED STATES BY THE INS. Orantes-Hernandez V. Smith, 541 F. Supp. 351, 374 (C.D Cal. 1982). ENSURING THAT THE INS COMPLIES WITH THE LAWS AND PETITIONER IS NOT FINALLY DEPORTED ON AN ERRONEOUS INTERPRETATION OF THE LAW, BUT IT IS ALSO IMPORTANT FOR ALL PERSON IN THIS COUNTRY BECAUSE IT ENSURES THAT ALL OF OUR RIGHTS ARE RESPECTED BY THE GOVERNMENT AGENCIES THAT ARE ENTRUSTED TO PROTECT OUR RIGHTS.

20

# PRAYER FOR RELIEF

WHERFERE, FOR THE FOREGOING REASONS, PETITIONER MOVES THIS HONORABLE COURT TO GRANT THE FOLLOWING RELIEFS:

I    ISSUE A WRIT OF HABEAS CORPUS DIRECTED AT THE RESPONDENTS AND ORDERING THAT PETITIONER BE RELEASED ON HIS OWN RECOGNIZANCE BASED ON THE SUPREME COURTS MANDATE IN Kim V. Demore Supra. See Patel V. Zemski, 275 F. 3d at 315 [ordering the release of THE PETITIONER UNLESS THE GOVERNT MAKES A PROMPT INDIVIDUALIZED DETERMINATION OF WHETHER PETITIONER POSED A RISK OF FLIGHT OR DANGER TO THE SOCIETY.
OR

II  ENTER AN ORDER RELEASING THE PETITIONER UNDER SUPERVISION PURSUANT TO THE DICTATES OF Zadvydas V. Davis, Supra, BECAUSE HIS LENGHT OF DETENTION HAS PASSED THE SIX MONTHS MARK AND THERE IS NO SIGNIFICANT LIKELIHOOD OF REMOVAL IN THE FORSEEABLE FUTURE BASED ON HIS COLLATERAL ATTACK OF HIS REMOVAL,

21

III) GRANT A STAY OF REMOVAL PENDING
A FINAL DECISION ON THIS PETITION AND

IV GRANT OTHER RELIEFS AS THIS
HONORABLE COURT DEEM JUST & PROPER.

DATED: JANUARY 20TH 2005

RESPECTFULLY SUBMITTED

ALEXANDER A. OYENUGH
A20-756-982
PLAQUEMINE PARISH DET.CNTR
110 PRISON ROAD
BRAITHWAITE, LA 70040

I AFFIRM UNDER THE PENALTY OF PERJURY THAT
THE CONTENT OF THIS HABEAS CORPUS IS TRUE AND CORRECT
TO THE BEST OF MY KNOWLEDGE.

22

# CERTIFICATE OF SERVICE

I, ALEXANDER A. EYENUGA CERTIFY
THAT ON 20TH OF JAN 2005, I SERVED
THE CLERK OF THE U-S DISTRICT
COURT WITH A COPY OF THE FOREGOING
BY PLACING A TRUE AND COMPLETE COPY
IN AN ENVELOPE, POSTAGE PREPAID
AND MAILING IT ADDRESSED AS FOLLOWS

CLERK OF COURT
U.S. DISTRICT COURT
FOR THE DISTRICT OF BOSTON
2300 U.S COURT HOUSE WAY
BOSTON MASS 22201
SIGNED A. Eyenuga.
420-750982

*ExHIBIT #1*
*(202) 342*
*5684*

**Stacey Osei**



| | |
|---|---|
| **From:** | JOSEPH OSEI <joespeedo@yahoo.com> |
| **To:** | <sosei@earthlink.net> |
| **Sent:** | Thursday, September 30, 2004 1:29 PM |
| **Attach:** | FR Doc 04-21605.htm |
| **Subject:** | relief with certain criminal conviction before april 1, 1997 |

i hope this will help his case.

---

Do You Yahoo!?
Tired of spam? Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

---

[Federal Register: September 28, 2004 (Volume 69, Number 187)]
[Rules and Regulations]
[Page 57826-57835]
From the Federal Register Online via GPO Access [wais.access.gpo.gov]
[DOCID:fr28se04-6]

=====================================================================
---------------------------------------------------------------------

DEPARTMENT OF JUSTICE

8 CFR Parts 1003, 1212, and 1240

[EOIR No. 130F; AG Order No. 2734-2004]

Executive Office for Immigration Review; Section 212(c) Relief
for Aliens With Certain Criminal Convictions Before April 1, 1997

AGENCY: Executive Office for Immigration Review, Justice.

ACTION: Final rule.

---------------------------------------------------------------------

SUMMARY: This final rule adopts without substantial change the proposed
rule to establish procedures for lawful permanent residents with
certain criminal convictions arising from plea agreements reached prior
to a verdict at trial to apply for relief from deportation or removal
pursuant to former section 212(c) of the Immigration and Nationality
Act. The final rule also sets forth procedures and deadlines for filing
motions to seek such relief before an immigration judge or the Board of
Immigration Appeals for eligible aliens currently in proceedings or
under final orders of deportation or removal.

DATES: This rule is effective on October 28, 2004.

FOR FURTHER INFORMATION CONTACT: Mary Beth Keller, General Counsel,
Executive Office for Immigration Review, 5107 Leesburg Pike, Suite
2600, Falls Church, Virginia 22041, telephone (703) 305-0470.

SUPPLEMENTARY INFORMATION:

9/30/04

eligible for such relief.'' 334 F.3d at 920.
    This change is reflected in Sec.  1212.3(f)(4)(ii). This rule also
revises the language of Sec.  1212.3(f)(4)(i) to conform to the
language of section 212(c) of the Act, regarding aliens who have served
a term of imprisonment of five years or more for one or more aggravated
felonies.
    Finally, the language of Sec.  1212.3(f)(5) has been clarified. The
final rule adjusts the language to specifically cite the relevant
statutory provisions to make clear that there must be a statutory
counterpart in proceedings under section 237 or former section 241 of
the Act for section 212(c) relief to reach those convictions.

G. Applicability of AEDPA

    Several commenters suggested that the proposed rule should be
modified so that the date the alien committed the crime rather than the
date of conviction is used to determine the applicability of the
Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L.
104-132, 110 Stat. 1214. One commenter asserted that ``LPRs * * * had a
right to know that they were endangering their entire future with their
family in the United States by breaking the law, but the gravity of
their acts was impossible to predict before the passage of the 1996
laws.'' The commenter continued, ``[t]hose whose crimes occurred before
the enactment of AEDPA face the exact same situation as those who were
convicted before that date: they could not have been aware of the
immigration consequences of their crimes.''
    The Department disagrees with the commenters. The effect of section
440(d) of AEDPA rendered aliens ineligible for section 212(c) relief if
they became deportable for certain criminal convictions. The Department
adheres to the interpretation set forth in the proposed rule: ``This
narrower version of section 212(c) relief is available to aliens who
made pleas on or after April 24, 1996, and before April 1, 1997,
regardless of when the plea was entered by the court.'' 67 FR at 52629.
It should be noted that the date of the plea agreement, not the
conviction date, is the operative date to determine the availability of
section 212(c), as well as the applicability of AEDPA. Thus, if an
alien makes a plea agreement on or after April 24, 1996 (the effective
date of AEDPA), and before April 1, 1997 (the effective date of
IIRIRA), he or she may be eligible for section 212(c) relief, as the
plea agreement was made before IIRIRA eliminated this form of relief,
but he or she is subject to the narrower version of section 212(c)
relief as implemented by AEDPA.
    To hold the date the crime was committed as the operational date
would be contrary to the St. Cyr decision, as the Court was explicit in
preserving the reliance interests of those aliens that made guilty
pleas when section 212(c) was still available. See St. Cyr, 533 U.S. at
326 (``We therefore hold that Sec.  212(c) relief remains available for
aliens * * * who * * * would have been eligible for Sec.  212(c) relief
at the time of their plea under the law then in effect.''). The phrase
``under the law then in effect'' clearly conditions the scope of
section 212(c) relief that remains available, thereby giving effect to
AEDPA and consequently its narrowed availability of section 212(c)
relief. Id. Accordingly, the Department will retain the date of the
plea agreement as the operational date in determining both the
availability and scope of section 212(c) relief for an alien.

H. The Accrual of Seven Consecutive Years of Lawful Unrelinquished
Domicile

    Several commenters criticized Sec.  1003.44(b), relating to how the
requisite seven years of lawful unrelinquished domicile should be
calculated in order to determine eligibility for section 212(c) relief.
They asserted that Sec.  1003.44(b)(3) should be amended to provide

respondent entered into a plea agreement on June 27, 1996 and was convicted of an aggravated felony, vis-a-vis, a theft offense he is ineligible to apply for section 212(c) relief.

Third, the Court finds that the respondent is ineligible to apply for waiver of inadmissibility pursuant to section 212(h) of the Act because his immigration status was adjusted to that of lawful permanent resident on July 2, 1975 and subsequently, he was convicted of an aggravated felony. Section 212(h) of the Act provides, in pertinent part: "[n]o waiver shall be granted . . . in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony . . . ." As such, the respondent is not statutorily eligible to apply for section 212(h) relief because after becoming a lawful permanent resident in 1975 he was convicted of an aggravated felony in 1997.

Lastly, although the respondent claims that his removal is not warranted given that he was able to obtain a sentence revocation and reduction, the Court finds that the revocation and reduction the respondent refers to deals with different offenses than the offense listed on the NTA. Attached to the respondent's motion to reopen are various supporting documents. The criminal docket sheet, which the respondent provided to the BIA, indicates that on March 9, 2004 his sentence was revoked and revised, but the Court notes that the revocation and reduction of sentence refers to the following offenses for which he was convicted on February 6, 1996: larceny of property, receipt of stolen property, and uttering of a forged instrument. These offenses are not listed on the NTA. As indicated on the NTA, the respondent is charged with removal from the U.S. pursuant to section 237(a)(2)(A)(iii) of the Act for having been convicted of larceny by check on July 8, 1997 and sentenced to a one-year term of imprisonment. The respondent has not submitted any evidence to demonstrate that his conviction has either been vacated or that his sentence has been revised and revoked downward such as to take it out of the aggravated felony category. Accordingly, the Court has no basis upon which to reopen proceedings.

Based on the foregoing, the following orders shall enter:

ORDER: IT IS ORDERED that the respondent's Motion to Reopen Removal proceedings be, and the same is hereby DENIED.

IT IS FURTHER ORDERED that the respondent's request for stay of removal be, and the same is hereby DENIED.

5-20-04
Date

LEONARD I. SHAPIRO
United States Immigration Judge

A20-750-982/5-19-2004/MTR/aoc                    4

EXHIBIT #2

**Stephen B. Swaye**
**Attorney at Law**
261 Union Street-Suite 209/210
New Bedford, Massachusetts 02740

tel: (508) 991-7929 fax: (508) 999-5661

September 9, 2004

Judges Lobby
The Honorable Francis T. Crimmins. Jr.
Stoughton District Court
1288 Central Street
Stoughton MA 02072

RE:   COMMONWEALTH V. ALEXANDER OYENUGA.
      9632CR-167   9632CR-2120 9732CR-1320

Your Honor:

      I represent Mr. Alexander Oyenuga, who is presently being held by the United States Department of Justice Immigration and Naturalization Service and he is being held at the Plaquemines Parish Road Detention Center in Braithwaite Louisiana. Mr. Oyeuga is in Deportation Proceedings.

      I have enclosed herein a Motion/Memorandum to Waive Presence of the Defendant and to Vacate the Guilty Pleas and Findings.

      I have also enclosed an affidavit in support of the motion and a certificate of service on same.

      Two of the above dockets were original heard in your court. One other was heard by Judge Aguiar (retired). In the interest of judicial economy I would request that you hear all three cases, and I am respectfully requesting that a hearing be held on September 20, 2004, at 9:00 a.m. with regard to the above motion.

Very truly yours,

Stephen B. Swaye

SBS\cdm

Ex Hibit #2

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL COUNTY

FALL RIVER DISTRICT COURT
NO:     9632CR-167
        9632CR-2120
        9732CR-1320

_____

COMMONWEALTH

v.

ALEXANDER OYENUGA.

_____

## AFFIDAVIT IN SUPPORT OF
## MOTION TO WAIVE PRESENCE OF DEFENDANT
## TO REVOKE PLEA AND VACATE GUILTY FINDING
## OR IN THE ALTERNATIVE MOTION FOR A NEW TRIAL

I, Stephen B. Swaye, being duly sworn and on oath state to the best of my personal knowledge and belief as follows:

1.  I am the attorney representing the defendant in this proceeding who is a citizen and native of Nigeria.

2.  The defendant pled guilty or admitted sufficient facts on 9632CR-2120, however there is no clear indication on the record of conviction that the alien warning was given as required by G.L. c. 278, sec. 29D.

Signed under the pains and penalties of perjury this _9th day of _September 2004

_____
Stephen B. Swaye
BBO#562115

7