UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER A. OYENUGA, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>ATTORNEY GENERAL JOHN ASHCROFT, )<br>ET AL., )<br>)<br>Respondent ) | Civil Action No.<br>05cv10170-PBS |

RESPONDENT'S SUMMARY RETURN AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS

Respondent[1] moves to dismiss the petition pursuant to Fed. R. Civ. P. rule 12(b)(2) for lack of in personam jurisdiction over petitioner's custodian, because petitioner is detained at a detention center in Braithwaite, Louisiana, and is not detained in Massachusetts.

It is well-settled in this circuit that a court issuing a writ of habeas corpus "must have personal jurisdiction over the person who holds the petitioner in custody". Vasquez v. Reno, et al., 233 F.3d 688, 690 (1st Cir. 2000). As to who the proper respondent custodian should be, the Vasquez court stated that "we consider it settled beyond cavil that when a prisoner petitions for a writ of habeas corpus under 28 U.S.C. § 2241, he must name

---

[1] See 28 U.S.C. § 517 (providing for the appearance of the Department of Justice "to attend to the interests of the United States in a suit pending in a court of the United States").

as the respondent the superintendent of the facility in which he is being held." Id. at 691.

The First Circuit in Vasquez reasoned that because "there is no principled distinction between an alien held in a detention facility awaiting possible deportation and a prisoner held in a correctional facility awaiting trial or serving a sentence . . . . it would be not only illogical but also quixotic to hold that the appropriate respondent in an alien habeas case is someone other than the official having day-to-day control over the facility where the alien is being detained." Id. at 693.

The First Circuit therefore rejected the notion that one other than as directed could be a properly named custodian, declaring, "we hold that an alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." Id. at 696.

Because petitioner is detained at the Plaquemine Parish Detention Center, in Braithwaite, Louisiana, this Court lacks in personam jurisdiction over petitioner's immediate custodian. Accordingly, the Court should dismiss this action for lack of in personam jurisdiction. Vasquez v. Reno, supra.

CONCLUSION

For all the reasons set out above, the Court should dismiss this case and deny all other relief sought.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     Department of Homeland Security
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on February 8, 2005.

        s/Frank Crowley
        FRANK CROWLEY
        Special Assistant U.S. Attorney
        Department of Homeland Security
        P.O. Box 8728
        J.F.K. Station
        Boston, MA 02114