United States District Court
District Of Massachusett
Boston Massachusetts

In the matter of
* M- Oyenuga, Alexander Adewale           ) In Removal
Plaquemines Parish Det. Cntr.             ) Proceedings
110 Prison Road
Braithwaite, LA 70040                     ) A20-750-982
      Respondent / Petitioner             )
          Pro-Se

Motion To Expand Record
            And
Special Motion To Seek Section 212(c)

Under 8.C.F.R 1003.2 Based On

       I.N.S. Vs. St Cyr.

For Certain Permanent Residents Who Made
A Plea On OR After April 24th 1996
      And Before April 1st 1997

And A Request For A Stay
      Of Removal.



—7—

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

EXHIBIT # ONE

*M-OYENUGA, ALEXANDER ADEWALE
110 PRISON ROAD
BRAITHWAITE, LA 70040-0000
A# 20--750-982

Office of the District Counsel/BO
P.O. Box 8728
Boston, MA 02114

Name: *M-OYENUGA, ALEXANDER ADEWALE        A20-750-982

Date of this notice: 01/06/2005

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

F.F. K-l

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    PAULEY, ROGER

—8—

| **U.S. Department of Justice** | Decision of the Board of Immigration Appeals |
|---|---|
| Executive Office for Immigration Review | |

Falls Church, Virginia 22041

File:  A20 750 982 - Boston                    Date:

In re: *M-OYENUGA, ALEXANDER ADEWALE          JAN - 6 2005

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Pro se

ORDER:

    PER CURIAM. The respondent moves the Board pursuant to 8 C.F.R. § 1003.2 to reopen and reconsider our decision dated September 28, 2004. The respondent argued in his motion that these proceedings should be reopened because he is eligible to be considered for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1182(c). In our previous decision, the Board dismissed the respondent's appeal of the Immigration Judge's decision to deny reopening of proceedings following an in absentia order of removal entered against him. The instant motion fails to convince the Board that we erred in our earlier finding. We further note the regulation set forth at 8 C.F.R. § 1212.3(h)(2) which became effective on October 28, 2004. *See* 69 Fed. Reg. 57826. Under 8 C.F.R. § 1212.3(h)(2), an alien in either exclusion, deportation, or removal proceedings may be considered for a section 212(c) waiver of inadmissibility as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA") § 440(d)) with respect to a conviction if the alien pleaded guilty or nolo contendere and the alien's plea agreement was made on or after April 24, 1996, and before April 1, 1997. The conviction record reflects that the respondent entered into a plea agreement on June 27, 1996, and pled guilty to an aggravated felony offense on July 8, 1997. Therefore, the new regulation does not aid the respondent in these proceedings as it applies the AEDPA restrictions on 212(c) relief which cover the respondent's aggravated felony. Accordingly, the motion is denied.

FOR THE BOARD

EXHIBIT #2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BOSTON, MASSACHUSETTS

File:   A20 750 982

In the Matter of                        )
                                        )
Alexander Adewale OYENUGA,              )   IN REMOVAL
a.k.a. Alexander OYENUGA                )   PROCEEDINGS
       Alexander OYENGA                 )
                                        )
                                        )
Respondent                              )

CHARGE:         Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("the
                Act") [8 U.S.C. § 1227(a)(2)(A)(iii)]—Convicted of an Aggravated Felony,
                vis-a-vis, a Theft Offense

APPLICATION:    Motion to Reopen

ON BEHALF OF RESPONDENT:                    ON BEHALF OF DHS:
Pro Se                                      Assistant District Counsel
                                            Trial Attorney Unit–DHS
                                            JFK Federal Building, Room 425
                                            Boston, Massachusetts 02203

## DECISION OF THE IMMIGRATION JUDGE

On January 14, 1998, the Immigration and Naturalization Service ("the Service")[1] personally served the respondent with a Notice to Appear ("NTA"). The NTA alleges that the respondent is a native and citizen of Nigeria who was admitted to the United States ("U.S.") at Boston, Massachusetts on or about August 20, 1972 as a student and that on July 2, 1975 his status was adjusted to that of permanent resident. Further, it alleges that on July 8, 1997 the respondent was convicted in the Fall River District Court in Fall River, Massachusetts for the offense of larceny by check in violation of Mass. Gen. Laws. ch. 266 § 37 and that he was sentenced to a term of imprisonment for one year. As a result, it charges him with removability pursuant to section 237(a)(2)(A)(iii) of the Act.

At the respondent's March 24, 1999 hearing the Court notified the respondent who was present in Court of the next hearing date which was scheduled for June 23, 1999, and was hand served with the hearing notice. Subsequently, the respondent failed to appear at his June 23,

---

[1] As of March 1, 2003, the Service no longer exists. Its functions, however, have been transferred to the Department of Homeland Security ("DHS").

for the written notice requirement to be satisfied; rather, if the DHS sends the NTA to the correct address, but an alien does not receive the NTA through "some failure in the internal workings of the household," the alien can nonetheless be charged with receiving proper notice. See id., citing Matter of Grijalva, 21 I&N Dec. 27 (BIA 1995) and Matter of Huete, 20 I&N Dec. 250 (BIA 1991). Even where the DHS or a court sends an NTA or notice of hearing by certified mail to the alien's correct address, and the U.S. Postal Service returns the notice(s) marked "unclaimed," an alien may nevertheless be charged with receiving an NTA or notice of hearing. See Matter of M-D-, 23 I&N Dec. 540, 547 (BIA 2002).

Ordinarily, an alien must file a motion to reopen within ninety days of the date of entry of the final administrative order, or on or before September 30, 1996. 8 C.F.R. § 1003.23(b)(1). In certain cases, however, exceptions to the ninety-day filing deadline may apply. A court may rescind an in absentia order or an order entered in removal proceedings, where an alien files a motion to reopen within 180 days after the date of the order of removal, if the alien demonstrates that his or her failure to appear was due to exceptional circumstances as defined in § 240(e)(1) of the Act. 8 C.F.R. § 1003.23(b)(4)(ii). Exceptional circumstances are those "circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." INA § 240(e)(1) (2004). Additionally, a court may rescind an in absentia order entered in removal proceedings upon a motion to reopen filed at any time if the alien demonstrates that he or she did not receive proper notice of the hearing, or that he or she was in federal or state custody and the failure to appear was not his or her fault. Id.

A motion to reopen must state new facts that were unavailable, or could not have been discovered or presented at a former hearing. 8 C.F.R. § 1003.23(b)(3). Additionally, where a respondent files a motion to reopen for the purpose of seeking some sort of relief, he or she must include any supporting documents and/or applications with his or her motion. Id. Further, a respondent who is the subject of removal, deportation or exclusion proceedings may not submit a motion to reopen after he or she has departed from the United States. 8 C.F.R. § 1003.23(b)(1).

The Court must deny the respondent's motion for the following reasons. First, the Court finds that the respondent has failed to provide any reason to explain his failure to appear at his June 23, 1999 hearing. The respondent was present in Court on March 24, 1999, and was notified orally and hand served with a hearing notice to appear in Court on June 23, 1999. The respondent knowingly and intentionally failed to appear in Court on June 23, 1999.

Second, the respondent is ineligible to apply for a waiver of inadmissibility pursuant to section 212(c) of the Act. On June 27, 1996 the respondent admitted to sufficient facts regarding the offense of larceny by check pursuant to Mass. Gen. Laws. ch. 266 § 37. On July 8, 1997, the respondent was convicted of larceny by check and sentenced to a one-year term of imprisonment. An alien is ineligible for section 212(c) relief if, for example, he or she entered into a plea agreement on or after April 24, 1996 to March 31, 1997, and if the alien has been convicted of an aggravated felony (Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted Apr. 24, 1996)). The Court finds that because the

3

[EXHIBIT #2]  #2

respondent entered into a plea agreement on June 27, 1996 and was convicted of an aggravated felony, vis-a-vis, a theft offense he is ineligible to apply for section 212(c) relief.

    Third, the Court finds that the respondent is ineligible to apply for waiver of inadmissibility pursuant to section 212(h) of the Act because his immigration status was adjusted to that of lawful permanent resident on July 2, 1975 and subsequently, he was convicted of an aggravated felony. Section 212(h) of the Act provides, in pertinent part: "[n]o waiver shall be granted . . . in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony . . ." As such, the respondent is not statutorily eligible to apply for section 212(h) relief because after becoming a lawful permanent resident in 1975 he was convicted of an aggravated felony in 1997. [THREE  VACATUR · NEW ELIGIBILITY BASED ON PLEA AGREEMENT]

    Lastly, although the respondent claims that his removal is not warranted given that he was able to obtain a sentence revocation and reduction, the Court finds that the revocation and reduction the respondent refers to deals with different offenses than the offense listed on the NTA. Attached to the respondent's motion to reopen are various supporting documents. The criminal docket sheet, which the respondent provided to the BIA, indicates that on March 9, 2004 his sentence was revoked and revised, but the Court notes that the revocation and reduction of sentence refers to the following offenses for which he was convicted on February 6, 1996: larceny of property, receipt of stolen property, and uttering of a forged instrument. These offenses are not listed on the NTA. As indicated on the NTA, the respondent is charged with removal from the U.S. pursuant to section 237(a)(2)(A)(iii) of the Act for having been convicted of larceny by check on July 8, 1997 and sentenced to a one-year term of imprisonment. The respondent has not submitted any evidence to demonstrate that his conviction has either been vacated or that his sentence has been revised and revoked downward such as to take it out of the aggravated felony category. Accordingly, the Court has no basis upon which to reopen proceedings.

    Based on the foregoing, the following orders shall enter:

    ORDER: IT IS ORDERED that the respondent's Motion to Reopen Removal proceedings be, and the same is hereby DENIED.

    IT IS FURTHER ORDERED that the respondent's request for stay of removal be, and the same is hereby DENIED.

5·20·04
Date

LEONARD I. SHAPIRO
United States Immigration Judge

A20-750-982/5-19-2004/MTR/aoc      4

EXHIBIT # A  -13-

**Stacey Osei**   (202) 362 5684

From: JOSEPH OSEI <joespeedo@yahoo.com>
To: <sosei@earthlink.net>
Sent: Thursday, September 30, 2004 1:29 PM
Attach: FR Doc 04-21605.htm
Subject: relief with certain criminal conviction before april 1, 1997

i hope this will help his case.

---

Do You Yahoo!?
Tired of spam? Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

---

```
[Federal Register: September 28, 2004 (Volume 69, Number 187)]
[Rules and Regulations]
[Page 57826-57835]
From the Federal Register Online via GPO Access [wais.access.gpo.gov]
[DOCID:fr28se04-6]
```

===========================================================================
---------------------------------------------------------------------------

DEPARTMENT OF JUSTICE

8 CFR Parts 1003, 1212, and 1240

[EOIR No. 130F; AG Order No. 2734-2004]

Executive Office for Immigration Review; Section 212(c) Relief for Aliens With Certain Criminal Convictions Before April 1, 1997

AGENCY: Executive Office for Immigration Review, Justice.

ACTION: Final rule.

---

SUMMARY: This final rule adopts without substantial change the proposed rule to establish procedures for lawful permanent residents with certain criminal convictions arising from plea agreements reached prior to a verdict at trial to apply for relief from deportation or removal pursuant to former section 212(c) of the Immigration and Nationality Act. The final rule also sets forth procedures and deadlines for filing motions to seek such relief before an immigration judge or the Board of Immigration Appeals for eligible aliens currently in proceedings or under final orders of deportation or removal.

DATES: This rule is effective on October 28, 2004.

FOR FURTHER INFORMATION CONTACT: Mary Beth Keller, General Counsel, Executive Office for Immigration Review, 5107 Leesburg Pike, Suite 2600, Falls Church, Virginia 22041, telephone (703) 305-0470.

SUPPLEMENTARY INFORMATION:

9/30/04

commenters under this category argued that a fundamental unfairness would result to aliens who were unrepresented or detained because they were not aware of the possible consequences of a conviction from a plea agreement, as opposed to that from a trial.

The Supreme Court in St. Cyr specifically focused on plea agreements in deciding that section 212(c) relief remained available for aliens ``who, notwithstanding those convictions, would have been eligible for section 212(c) relief at the time of their plea under the law then in effect.'' 533 U.S. at 326. The Court recognized that plea agreements involve a quid pro quo between the defendant and the government, and that defendants who waive several of their constitutional rights (including the right to a trial) and consequently grant the government numerous tangible benefits are likely doing so in reliance on the availability of section 212(c) relief. Id. at 325. As a result of the benefit to the prosecutor bestowed by a plea agreement, and the reliance interest in seeking section 212(c) relief that an alien develops at the time of the guilty plea, it would be contrary to ``familiar considerations of fair notice, reasonable reliance, and settled expectations'' ' to deprive him or her of the benefit due from the quasi-contractual exchange of benefits entered into with the government.'' Id. at 323-24 (quoting Landgraf v. USI Film Products, 511 U.S. 244 (1994)). Thus, according to St. Cyr, only the reliance interests of those aliens pleading guilty to crimes when section 212(c) was available were sufficiently strong to warrant continued eligibility for such relief.

This issue has been heavily litigated in the federal courts, and every circuit that has addressed the question has held that an alien who is convicted after trial is not eligible for section 212(c) relief under St. Cyr. Rankine v. Reno, 319 F.3d 93, 100 (2d Cir. 2003); Theodoropoulos v. INS, 313 F.3d 732, 739-40 (2d Cir. 2002); Dias v. INS, 311 F.3d 456, 458 (1st Cir. 2002); Chambers v. Reno, 307 F.3d 284, 293 (4th Cir. 2002), reh'g denied (April 1, 2003); Armendariz-Montoya v. Sonchik, 291 F.3d 1116, 1121-22 (9th Cir. 2002), cert. denied, 539 U.S. 902 (2003); see also Lara-Ruiz v. INS, 241 F.3d 934, 945 (7th Cir. 2001) (pre-St. Cyr decision distinguishing between aliens who pleaded guilty and those who are convicted after trial). These courts have recognized that aliens who exercise their constitutional right to go to trial do not have the kind of reliance interests that the Supreme Court focused on in St. Cyr.

Accordingly, the Department has determined to retain the distinction between ineligible aliens who were convicted after criminal trials, and those convicted through plea agreements.

[[Page 57829]]

C. Stay of Deportation or Removal

Approximately 15 percent of commenters recommended that an automatic stay provision should be inserted into the final rule. One commenter stated that a motion to reopen to file for section 212(c) relief should automatically stay the deportation or removal of the alien, while others said that any alien who is eligible for section 212(c) relief should have his or her removal stayed. Further, another commenter proposed that filing a special motion to seek section 212(c) relief should ``also serve as an application for a stay'' of removal, while another contended that it should be treated ``in the same way that a motion to reopen in absentia proceedings is currently treated,'' thereby automatically staying the execution of a final order of deportation or removal upon filing. The general rationale of these commenters was that the consequence of the lack of an automatic stay provision in the final rule would lead to the deportation of eligible aliens before they had the opportunity to apply for section 212(c) relief.

The proposed rule laid out procedures for applying for a stay of deportation or removal for aliens seeking to apply for section 212(c) relief. Requests for a stay of the execution of a final order must be made in accordance with the prevailing regulatory requirements in 8 CFR 241.6, if made with DHS, or 8 CFR 1003.2(f) or 1003.23(b)(1)(v), if made with EOIR. The Department does not find the application of prevailing regulatory requirements to section 212(c) applicants to be unreasonably burdensome. Accordingly, the Department does not find it necessary to include an automatic stay provision under this rule.

D. The 180-Day Deadline To File a Special Motion To Seek Section 212(c) Relief

Approximately 15 percent of the commenters recommended that the 180-day period to file a special motion to seek section 212(c) relief for aliens under a final order of deportation or removal be extended or eliminated. One commenter stated that this time period allotted to file a special motion is ``unreasonably short,'' given that many LPRs will likely not be aware of this time constraint. Another commenter stated that this time period is inadequate and the Department should ``provide additional time to apply,'' particularly if the Department does not ``individually notify affected people.'' Similarly, another commenter stated simply that the time period is ``insufficient,'' and should be extended to one year.

The Department finds the 180-day requirement in which to file a special motion to seek section 212(c) relief for those aliens subject to a final administrative order of deportation or removal to be a reasonable time constraint. Publication in the Federal Register unequivocally constitutes sufficient notice for due process purposes. Congress has specified this form of notice and made that notice binding on all who are within the jurisdiction of the United States. 44 U.S.C. 1507 (publication in Federal Register ``is sufficient to give notice of the contents of the document to a person subject to or affected by it''). The courts have clearly relied upon the adequacy of notice by publication in the Federal Register since the Federal Register's inception. See, e.g., Lyng v. Payne, 476 U.S. 926, 942-943 (1986); Dixson v. United States, 465 U.S. 482, 489 n.6 (1984); Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947). The Department rejects the notion that more notice is required as a matter of law. The Department does not accept the premise of the commenters' arguments that it, or any other agency, is required to provide individual notice of the content of the law. Like citizens, aliens have a duty to know the law and abide by the law. The Department does note, moreover, that the immigrant community and immigrant advocacy organizations possess a well-established network for providing information to the immigrant community. Additionally, the Department notes that the 180-day deadline is double the normal amount of time within which an immigration judge or the Board has jurisdiction over motions to reopen. 8 CFR 1003.2, 1003.23. This is in addition to the 30-day effective date delay period mandated by the Administrative Procedure Act. 5 U.S.C. 553. Accordingly, the Department is not persuaded that more time is appropriate and will retain the 180-day deadline as stated in the proposed rule.

E. Date of the Plea Agreement

One commenter argued that proposed Sec. 1003.44(b) would create ``proof problems'' for the immigration judges and the Board with respect to the date on which an alien made a plea agreement. Proposed Sec. 1003.44(b) lists the eligibility requirements that an alien must establish in seeking section 212(c) relief. Paragraph (b)(4) of this section states that an alien must be ``otherwise eligible to apply for section 212(c) relief under the standards that were in effect at the

9/30/04

time the alien's plea was made, regardless of when the plea was entered by the court.'' The commenter suggested that it would be difficult for the immigration judges or the Board to determine when the alien made his or her plea, as the record of criminal proceedings ``often does not include [this] information.'' Instead, the commenter suggested that the date the court accepted the plea should be the operative date. The commenter contended that a defendant in criminal proceedings, both at the State and Federal level, has an absolute right to withdraw a plea until it is accepted, and accordingly, he or she has no legitimate expectations of entitlement to section 212(c) relief until the court accepts it.

   The Department declines to accept the commenter's recommendation. The operative language for section 212(c) eligibility--throughout the rule, not just for filing special motions to seek section 212(c) relief--focuses on the ``date the plea was agreed to by the parties.'' 67 FR at 52633. The Department finds that, consistent with the Supreme Court's decision in St. Cyr, the key in deciding the extent to which an alien is eligible for section 212(c) relief rests on the available relief at the time the alien and the prosecutor made the plea agreement. The Court stressed the importance of respecting the quasi-contractual agreement between the alien and prosecutor in deciding that the alien's reliance interests in making a plea agreement for a ``perceived [immigration] benefit'' must be preserved. St. Cyr, 533 U.S. at 322. In doing so, the Court did not conclude that the date the criminal court accepts the plea agreement is the time to determine whether the alien is eligible for section 212(c) relief. Thus, the commenter's proposal is not supported by the Supreme Court's ruling in St. Cyr. The Department intends to continue to rely on this judicial interpretation.

   Further, in any plea agreement in which the government receives ``numerous tangible benefits * * * without the expenditure of prosecutorial resources,'' ``the benefits acquired by the prosecutor occur at the moment that the agreement is made given that he or she is relieved of the burdens of preparing the case for trial. St. Cyr, 533 U.S. at 322 (quoting Newton v. Rumery, 480 U.S. 386, 393 n.3 (1987)). Similarly, the moment when the alien enters into an agreement for the exchange of benefits with the prosecutor in reliance on section 212(c) relief eligibility should be the time at which the alien can begin accruing the benefit of the agreement. Accordingly, the Department disagrees with the commenter and will retain the language in the proposed rule specifying

[[Page 57830]]

that the date the plea was agreed to by the parties will be the time to determine whether an alien is eligible for section 212(c) relief.

   The alien seeking section 212(c) relief has the burden of establishing his or her eligibility. This burden of proof includes establishing the date on which the alien entered into a plea agreement with the prosecution that resulted in the conviction from which section 212(c) relief is sought. The nature of the comment concerning ``proof problems,'' however, underscores the need to make clear that the alien seeking section 212(c) relief has the burden of establishing the plea agreement date, and the alien is in the best position to do so because the alien was present (not DHS or the immigration judge) and is most likely to possess the documents reflecting the plea agreement. Accordingly, the Department has inserted a specific statement of that burden in section 1003.44(b) to make this clear. The Department does not believe that the requirement will impose a burden on the immigration judges or the Board.

F. Retroactivity of IIRIRA's Definition of ``Aggravated Felony''