FILED
IN CLERKS OFFICE
2005 FEB 22 P 3:09
U.S. DISTRICT COURT
DISTRICT OF MASS

# United States District Court
## For the District of Massachusetts

Alexander A. Oyenuga  )
  Petitioner, Pro se.  )
                      )
                      )  Civil Action No.
  v.                  )
                      )  05cv10170-PBS
Attorney General     )
John Ashcroft, et al.,)  A20-750-982.
                      )
  Respondent          )

## Petitioner's Response and Opposition to Respondents Motion to Dismiss

-1-

Petitioner is in the custody of the Secretary for the Department of Homeland Security, Mr. Tom Ridge, Pursuant to the 2002 Homeland Security Act certain functions including detention and removal of the former I.N.S. were transfered to the Department of Justice and renamed "The Bureau of Immigration and Customs Enforcement [B.I.C.E] under the Department of Homeland Security [D.H.S.] 28 U.S.C § 2241 exposes his detention for Habeas Corpus purposes.

It is well settled that while the conviction at issue in this case occured in the State of Massachusetts, venue and jurisdiction lies in the United States District Court for the District of Massachusetts pusuant to Braden v. 30th Judicial ~~District~~ Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973)., the judicial district in which the Petitioner resided at the time of his hearing before an Immigration Judge in Boston, Massachusetts. It is within this district that the alleged violation took place. This court is within the district that evidence pertinent to this claim can be found,

-2-

WHERE WITHNESSES CAN BE LOCATED. FURTHERMORE, RESPONDENTS ARE ALL FEDERAL AGENCIES AND AT LEAST MORE THAN ONE OF THEM RESIDE OR CONDUCT BUSSINESS IN THIS DISTRICT. See, 28 U.S.C § 1391(e)(c). See ALSO F.R.C.P RULE 4(e).

SINCE THIS COURT WILL NOT NECESSARILY REQUIRE THE APPEARANCE OF THE PETITIONER TO ADJUDICATE THIS PETITION, IT MAY AS A MATTER OF DISCRETION TO RETAIN THIS MATTER IN THE UNITED STATES COURT FOR THE DISTRICT OF MASSACHUSETTS. See, Clavis v. Ashcroft — F. Supp. 2d — (EDNY. 2003)

THIS HONORABLE COURT HAS JURISDICTION UNDER 28 U.S.C 2241 art. 1 § 9. Cl. 2 OF THE UNITED STATES CONSTITUTION AND 28 U.S.C 1331, AS PETITIONER IS PRESENTLY IN CUSTODY UNDER THE COLORS OF THE AUTHORITIES OF THE UNITED STATES ------ See Zadvydas v. Davis 533 U.S. 678. 121 S. Ct. 2491 (2001)

THIS COURT MAY GRANT RELIEF PURSUANT TO 28 U.S.C. 2241 5 U.S.C. 702 AND THE ALL WRIT ACT 28 U.S.C. 1651.

Respondents cited 28 U.S.C § 517 in the motion to dismiss "(Providing for the appearance of the Dept. of Justice)" to attend to the interests of the U.S in a suit pending in a court of the United States". Respondents are all federal agencies in the district of Massachusetts and will not necessarily require the presence of the petitioner.

Petitioner, respectfully request of this Honorable Court to assume jurisdiction over this matter, deny the respondents motion to dismiss and grant all relief sought.
In support of the above, Petitioner cites 28 § 2241 (d) of the federal regulations for civil proceedings which in part states as follows_____ where an application for a writ of habeas corpus is made by a person in custody under the judgement and sentence of a state court of a state which contains two or more federal judicial districts, the application may be filed in the district court wherin such person is in custody <u>OR</u> in the district court for the district within which the state court which convicted and sentenced him and each of such district shall have concurrent jurisdiction to

-4-

ENTERTAIN THE APPLICATION. THE DISTRICT COURT COURT FOR THE DISTRICT WHEREIN SUCH APPLICATION IS FILED IN THE EXERCISE OF DISCRETION AND IN THE FURTHERANCE OF JUSTICE MAY TRANSFER THE APPLICATION TO THE OTHER DISTRICT COURT FOR HEARING AND DETERMINATION. BASED ON THE ABOVE, PETITIONER PRAYS THIS COURT TO RETAIN JURISDICTION OVER THIS MATTER AND DENY THE MOTION TO DISMISS TENDERED BY THE RESPONDENTS.

IT IS WELL SETTLED THAT THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS PETITION FOR A WRIT OF HABEAS CORPUS. See Mahadeo V. Reno 226 F.3d 3,10 1ST Cir. 2000 ---- HOLDING THAT THE DISTRICT COURT CONTINUES TO HAVE SUBJECT MATTER JURISDICTION IN ALIEN CASES UNDER U.S.C. § 2241.

THE DISTRICT DIRECTORS FOR BOTH THE DISTRICT OF MASSACHUSSETS AND THE EASTERN DISTRICT OF LOUISIANA ARE BOTHE RESPONSIBLE TO THE SECRETARY OF HOMELAND SECURITY, MR. TOM RIDGE AND HAVE DIRECT CONTROL OVER THE SUBCONTRACTORS DELEGATED WITH THE FUNCTION OF HOUSING THE PETITIONER. WHILE ONE HAS [PERSONAL MATTER] JURISDICTION THE OTHER HAS SUBJECT MATTER JURISDICTION AND AS SUCH THEY ARE BOTH EXPOSED TO THIS HABEAS CORPUS, AND THE

-5-

DAY TO DAY CONTROL OVER THE FACILITY WHERE THE PETITIONER IS BEING DETAINED.

SEVERAL TRIAL COURTS HAVE TACKLED THIS QUESTION BUT THEIR DECISION IS IN DISARRAY. ONE LINE OF CASES, CONCIEVED AND NURTURED PRIMARILY IN THE EASTERN DISTRICT OF NEW-YORK, HOLDS THAT THE ATTORNEY GENERAL IS A PROPER RESPONDENT TO AN ALIENS HABEAS PETITION. THIS NOTION HAD A MODEST BEGINING. IN THE SEMINAL CASE, THE COURT ACKNOWLEDGED THE EXISTENCE OF "COMPELLING REASONS OF POLICY WHY THE ATTORNEY GENERAL SHOULD NOT NORMALLY BE REGARDED AS THE CUSTODIAN OF A HABEAS CORPUS PETITITIONER". "NWANKWO V. Reno, 828 F. Supp. 171, 173-174 (EDNY, 1993). WITHAL, THE COURT REMARKED THE HEAVY CRUSH OF DEPORTATION PROCEEDINGS IN THE WESTERN DISTRICT OF LOUISIANA AND FRETTED THAT THE TRANSFER OF CASES TO THAT DISTRICT WOULD "DENY PETITIONER ANY MEANINGFUL HABEAS CORPUS RELIEF" Id at 174. WITH THESE "UNUSUAL CIRCUMSTANCES" IN MIND, THE COURT CRAFTED AN EXCEPTION TO THE GENERAL RULE AND FOUND THE ATTORNEY GENERAL TO BE THE PROPER CUSTODIAN... Id at 175.

A few years later, the Nwankwo exception transformed into a rule of general application. In Mojica v. Reno, 970 F. Supp. 130 (E.D.N.Y 1997) the court held squarely that the Attorney General was the custodian of an alien held in Louisiana and thus was the proper respondent.

The Department of Homeland Security in the last 15 months have moved this Petitioner around, first from Collquit County Jail in Moultrie <u>Georgia</u> to Etowah County Jail in Gadsden <u>Alabama</u> now to Plaquemine Parish Detention Center in Braithwaite <u>Louisiana</u>. The effect of these movements would have been a constant need to resubmit a habeas corpus petition each time Petitioner was move and confronted with a new custodian.

Based on the foregoing, Petitioner prays this Honorable Court to assume jurisdiction of this subject matter and concurrently the personal matter jurisdiction and grant Petitioners' writ of habeas corpus and other reliefs deem proper and a stay of removal

SEEKING ALL THESE IN THE NAME OF GOD

RESPECTFULLY SUBMITTED

SIGN: *[signature]*

WRITE: ALEXANDER. A. OYEMUGA.

A20-750-982.

DATED — FEB 15TH 2005.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I CAUSE A TRUE COPY OF THE ABOVE DOCUMENT TO BE SERVED UPON THE
    SPECIAL ASSITANT U.S. ATTORNEY
    FRANK CROWLEY
ADDRESSED AS FOLLOWS:
    DEPT. OF HOMELAND SECURITY
    P.O. BOX 8728
    J.F.K STATION
    BOSTON, MA. 02114

MAILED POSTAGE PREPAID & MAILED 1ST CLASS

ALEXANDER A OYENUGA
[signature]
A20-750-982

DATE FEB. 15TH 2005