UNITED STATES DISTRICT COURT
FOR THE DISTRICT MASSACHUSETTS.
BOSTON, MASSACHUSETTS.

FILED
CLERKS OFFICE
2005 FEB 28 P 1:39
U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE MATTER OF
ALEXANDER. A. OYENUGA
Pro-Se. Petitioner.

Vs.

JOHN ASHCROFT
U.S. ATTORNEY GENERAL
et. al.
RESPONDENTS.

CIVIL ACTION NUMBER
05-10170-PBS

AGENCY NUMBER
A20-750-982.

TRAVERSE TO THE ANSWER

IN ORDER TO EXPLAIN WHY GOVERNMENT'S ANSWERS AND DEFENCES ARE NOT MERITORIOUS.

-1-

PETITIONER, ALEXANDER A. OYENUGA HEREBY FILE THIS RESPONCE TO THE GOVERNMENT'S MOTION TO DISMISS IN ORDER TO EXPLAIN WHY THE GOVERNMENT DEFENCES ARE NOT MERITORIOUS.

THIS RESPONSE IS BEING FILED PURSUANT TO RULE 56(c) OF THE FEDERAL RULE OF CIVIL PROCEDURE. 28 U.S.C § 2242 (1994) OF THE JUDICIAL CODE PROVIDES THAT HABEAS CORPUS APPLICATIONS " MAY BE AMMENDED OR SUPPLEMENTED AS PROVIDED IN THESE RULES OF PROCEDURES APPLICABLE TO CIVIL ACTIONS.

AS IN ANY CIVIL ACTION, THE RESPONDENT MAY OPPOSE A CLAIM IN THE PETITION ON ANY OF THE FOLLOWING "3" GROUNDS.

1) THE FACTS ALLEGED BY THE PETITIONER IN SUPPORT OF A CLAIM ARE UNTRUE.

2) REGARDLESS OF THE TRUTH OF THE PETITIONER'S FACTUAL ALLEGATION, THE CLAIM IS INSUPPORTABLE AS A MATTER OF LAW OR IS NOT LEGALLY COGNIZABLE IN FEDERAL PROCEEDINGS, INCLUDING BECAUSE THE PETITIONER IS NOT IN CUSTODY OR REGARDLESS OF THE FACTUAL OR LEGAL VIABILITY

-2-

of the petitioner's claim, some defense bars relief. Petitioner respectfully request of this honorable court to explore alternatives to dismissal — including if it prefers, one short of a full blown evidentiary hearing. Such as production of the state court record, expansion of the existing record with new materials. If the government disputes allegations creating a genuine issue as to [a] material fact, the dismissal is appropriate. If that is the case in this matter, petitioner hereby seeks the courts authority to authorize procedures to resolve the factual issues.

Since the 1st Cir. in <u>Vasquez</u> reasoned that "because there is no principled distinction between an alien held in a detention facility awaiting possible deportation and a prisoner held in a correctional facility awaiting trial or serving a sentence; it will be logical to apply the rules governing § 2254 cases.

If the petitioner, although "in custody" for habeas corpus purposes, is not incarcerated

—3—

THE PROPER RESPONDENTS GENERALLY ARE THE PERSON AND AGENCY IMMEDIATELY RESPONSIBLE FOR SUPERVISING THE PETITIONER AND ASSURING THAT HIS BEHAVIOR CONFORMS TO THOSE RESTRAINTS ON HIS LIBERTY THAT RENDERED HIM IN CUSTODY. IN THIS CASE THAT WOULD BE THE DEPT. OF JUSTICE THROUGH THE ATTORNEY GENERAL AND HIS AGENCY, THE DEPARTMENT OF HOMELAND SECURITY.

IN THE CONTEXT OF DRAWING A PARALLEL BETWEEN A PERSON INCARCERATED AND AN ALIEN AWAITING DEPORTATION, IF A PETITIONER IS ON PROBATION OR PAROLE, THE PROPER RESPONDENTS GENERALLY ARE THE PERSON'S PROBATION OFFICER AND IN THE CASE OF THE ALIEN FACING DEPORTATION, THE DISTRICT DIRECTOR AND THE SUPERVISING AGENCY. REF: ADVISORY COMMITTEE NOTE TO RULE 2 GOVERNING § 2254 CASES ------- See: Jones v. Cunnigham, 371 US. 236, 243 --- (1963)

Based on the foregoing, Petitioner request of this Honorable Court to dismiss the Government motion to dismiss, and review the writ of Habeas Corpus based on factual and legal grounds.

Respectfully Submitted.

Alexander A. Oyenuga

*[signature]*

A20-750-982

Date Feb 23rd 2005

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I CAUSE A TRUE COPY OF THE ABOVE DOCUMENT TO BE SERVED UPON THE
SPECIAL ASSITANT U.S. ATTORNEY
FRANK CROWLEY
ADDRESSED AS FOLLOWS:
DEPT. OF HOMELAND SECURITY
P.O. BOX 8728
J.F.K STATION
BOSTON, MA. 02114

MAILED POSTAGE PREPAID & MAILED 1ST CLASS

ALEXANDER A OHENUGA
*(signature)*
A20-750-982

DATED: FEB 23RD 2005