```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

ALEXANDER A. OYENUGA,           )
          Petitioner,           )
                                )
     v.                         )  C.A. No. 05-10170-PBS
                                )
ATTORNEY GENERAL JOHN           )
ASHCROFT, et al,                )
          Respondents.          )

                MEMORANDUM AND ORDER OF TRANSFER

   For the reasons set forth below, the Government shall explain why petitioner has been transferred three times in fifteen months and/or to stipulate if the Court transfers the case to Louisiana, petitioner will not be transferred again.

                          BACKGROUND

   On January 27, 2005, Alexander A. Oyenuga, an immigration detainee held in Braithwaite, Louisiana by the Department of Homeland Security, paid the $5.00 filing fee and filed a petition for writ of habeas corpus.[1]  Petitioner, a citizen of Nigeria, seeks to challenge the denial of his request for a waiver of inadmissibility as well as his indefinite detention by the Department of Homeland Security.  See Petition.

   Oyenuga was admitted to the United States in 1972, and became a lawful resident in 1975.  Id. at 4-5.  In July 1997, Oyenuga was convicted of larceny by check in the Fall River

---

[1] The petition is titled "Petition for a Writ of Habeas Corpus, Pursuant to 28 U.S.C. Section 2241 and A Request for A Stay Of Removal."

District Court pursuant to a plea agreement reached on June 27, 1996.  Id. at 5. On January 13, 1998 Oyenuga was served with a Notice to Appear ("NTA") charging him as removable under section 237 (a)(2)(A)(iii).  Id. at 8.  The Immigration Judge ("IJ") issued an order of removal on March 24, 1999.  Id. at 8.

Oyenuga asks this Court to exercise its discretionary power to hear his case in the Massachusetts District Court rather than transfer the case to the proper forum, the Eastern District of Louisiana.  Id. at 12.  Oyenuga claims that his 15 month detention following the order of removal is unreasonable and exceeds guidelines suggested by the Supreme Court of the United States.  Id. at 13.  Oyenuga also attacks the validity of his detention.  See id. at 13-18.  He contends that his crime is not "egregious" or "sufficiently dangerous" to warrant indefinite detention, and asks this Court to order his release.  Id. at 17, 21.  Lastly, Oyenuga asks this Court to issue an emergency stay of removal while the case is pending.  Id. at 19.

Respondents filed a motion to dismiss on February 8, 2005 pursuant to Fed. R. Civ. P. 12(b)(2) for lack of in personam jurisdiction.  Respondent asserts that since Oyenuga is detained in Louisiana this Court has no in personam

jurisdiction over Oyenduga's custodian. <u>Respondent Memo. Diss</u>. at 1.

Also, on February 8, 2005, Oyenuga filed a motion to expand the record and a motion to seek 212(c) relief. Oyenuga now asks the Court, in addition to the former prayers of relief, to remand his case to the Immigration Judge to determine his eligibility for 212(c) waiver of removal. <u>Petitioner Motion</u> at 4.

In Response to the Motion to Dismiss, Oyenuga claims that since being in custody, the Department of Homeland Security has moved him three times to facilities in three different states. <u>Petitioner Response</u> at 7. He contends that it would be futile to charge his direct custodian because every time he is transferred he would be forced to re-file the habeas petition. <u>Id</u>. Oyenuga also claims that the petition is proper under Section 2241 because this Court is in the same district as the Massachusetts State Court where he was convicted. <u>Id</u>. at 4.

This Court must determine whether jurisdiction exists in this case.

<u>DISCUSSION</u>

Federal courts have jurisdiction over Section 2241 habeas petitions brought by aliens facing deportation to the extent

those petitions are based on colorable claims that the petitioner's statutory or constitutional rights have been violated.  See Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002); see also INS v. St. Cyr, 533 U.S. 289, 314 (2001).

However, in the First Circuit, the rule governing the proper respondent to a habeas petition is that the only proper respondent is the person with day to day control over the detainee.  Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001) (alien seeking writ of habeas corpus contesting legality of detention by INS normally must name as respondent his immediate custodian, the individual having day to day control over the facility in which he is being detained).  The Court in Vasquez recognized that "extraordinary circumstances" may justify exceptions to this rule.  Extraordinary circumstances might include a situation in which the location of the detainee is undisclosed, or where the INS has "spirited an alien from one site to another in an attempt to manipulate jurisdiction."  Id. at 969.

Petitioner alleges that he has been transferred between three different institutions during the last 15 months.  This allegation raises concerns that such transfers may be motivated by an attempt to manipulate habeas jurisdiction, or

have the effect of thwarting that habeas jurisdiction.

This Court does not have personal jurisdiction over the Warden of the Plaquemine Parish Detention Center, in Braithwaite, Louisiana, and in most circumstances the case should be transferred there.

## CONCLUSION

Based upon the foregoing, the Court ORDERS the Government, within 10 days of the date of this Memorandum and Order, to explain why petitioner has been transferred three times in fifteen months and/or to stipulate if the Court transfers the case to Louisiana, petitioner will not be transferred again.

SO ORDERED.

Dated at Boston, Massachusetts, this 25th day of March, 2005.

/s/ Patti B. Saris
Patti B. Saris
UNITED STATES DISTRICT JUDGE