UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON, MASSACHUSETTS.

| | |
|---|---|
| ALEXANDER. A. GYENUGA | CASE NUMBERS<br>05-1410 F (2)<br>NEWORLEANS, LA |
| PETITIONER - Pro-se | 05 cv 10170 PBS<br>BOSTON. MA |

Vs.

JOHN ASHCROFT, et. al.,

RESPONDENTS.

AMMENDED MOTION FOR CHANGE
OF VENUE.

-1-

Petitioner, Alexander A. Oyenuga, Pro-se respectfully brings to the attention of this honorable court recent changes brought about by the application of amendments by sections 101 and 106 of the Real I.D Act of 2005.

The imposition of the mandates contained in the Real I.D. Act puts the jurisdiction of issues pertaining to detention in the U.S. District Courts. Petitioner's other claims have been transferred to the U.S. Court of Appeals for the First Circuit, in Boston Massachusetts --- See Exhibit 1 [Order from the U.S District Court for the Eastern District of New Orleans Louisiana.]

In the order to transfer, the issuing court in Louisiana, also ordered that the stay order granted the petitioner by this honorable court be transferred to the United States Court of Appeals for the First Circuit, in Boston Massachusetts. Said stay order was issued to enjoin the I.C.E from deporting the petitioner while in detention in Louisiana.

-2-

THE I.C.E IN NEW ORLEANS LACKS PERSONAM JURISDICTION SINCE DEPORTATION HAS BEEN STAYED. IN FACT, BASED ON THESE RECENT DEVELOPMENTS, IF ANY AGENCY HAS JURISDICTION OVER THE PETITIONER, THAT WOULD BE THE I.C.E IN BOSTON, MASSACHUSETTS.

SINCE VENUE HAS BEEN CHANGED TO BOSTON, MASSACHSETTS - - - - See EXHIBIT 1. UNITED STATES DISTRICT COURT JUDGES ORDER FROM NEW-ORLEANS, STATING IN PERTINENT PART THAT "OYENUGA'S MOTION FOR CHANGE OF VENUE (Rec. Doc. No. 4) IS DISMISSED AS MOOT IN LIGHT OF THIS ORDER.

WHILE THE APPEALS COURT FOR THE FIRST CIRCUIT IN BOSTON NOW HAS JURISDICTION OVER STATUTORY AND CONSTITUTIONAL CHALLENGES IN PETITIONER'S HABEAS PETITION, THE DISTRICT COURT IN BOSTON CONVERSELY HAS JURISDICTION TO ADDRESS ISSUES PERTAINING TO PETITIONER'S DETENTION UNDER THE REAL ID ACT OF 2005. IN THE INTEREST OF JUDICIAL ECONOMY, THE PETITIONER'S "BODY" AS WELL AS THE DETENTION ISSUES SHOULD BE TRANSFERED BACK TO THE U.S. DISTRICT COURT FOR THE

DISTRICT OF MASSACHUSETTS.

For the detention matters addressed in Petitioner's habeas corpus to remain in the U.S. District Court in New Orleans, while the stay has been transfered to Boston along with the collateral attack on the removal order as well as the statutory and constitutional challenges would not be consistent with the law.

As previously advanced by the Petitioner, personal matter jurisdiction rests in this court. See - Petitioner's Motion for Change of Venue. The stay of removal issued by this honorable court and which is now transfered to the U.S Court of Appeals for the First Circuit, obviates the need for Petitioner's continued detention in New Orleans because the 90 days removal period has not begun; See Bijjani v. INS. At best Petitioner's detention issues belong in this court.

Petitioner, prays this honorable court to assume jurisdiction of the issues pertaining to detention within his habeas petition and order the Petitioner transfered to the

-4-

CUSTODY OF I.C.E IN BOSTON MASSACHUSETTS. IN THE ALTERNATIVE THIS COURT CAN ORDER PETITIONER'S IMMEDIATE RELEASE FROM CONFINMENT PENDING THE OUTCOME OF THE REVIEW BEING UNDERTAKEN AT THE U.S. COURT OF APPEALS FOR THE 1ST. CIRCUIT IN BOSTON MASSACHUSETTS. FOR DISCUSSION OF PETITIONERS REQUEST FOR RELEASE, See EXHIBIT #3 — MOTION FOR PRELIMINARY INJUNCTION

## SERVICE

FOR CASES TRANSFERED FOR REVIEW AT THE U.S COURT OF APPEALS IN GENERAL THE RESPONDENT IS THE U.S ATTORNEY GENERAL. PETITIONERS INITIAL SUBMISSIONS TO THIS COURT NAMED AS THE PROPER RESPONDENT, THE U.S. ATTORNEY GENERAL, JOHN ASHCROFT WHEN IT WAS TRANSFERED BACK TO NEW ORLEANS FOR LACK OF PERSONAM MATTER JURISDICTION. THE REAL I.D ACT OF 2005 AMMENDMENT OF Sec. 242 OF INA DECLARES THE U.S. ATTORNEY GENERAL AS THE PROPER RESPONDENT, AND THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS AS THE APPROPRIATE VENUE.

-5-

## PRAYER

For the foregoing and good cause shown, Petitioner respectfully asks this honorable court in the name of God to grant this motion for change of venue since it has been rendered moot in the U.S District Court in New Orleans based on the transfer of the stay issued by this court being moved to Massachusetts also naming the I.C.E in Boston as Petitioners proper agency responsible for detention.

## AFFIRMATION

I affirm under the penalty of pain and prejury that the aforementioned are true to the best of my knowledge

Dated: June 16th 2005.   Respectfully Submitted

Alexander A. Oyenuga

P.P.D.C. 110 Prison Road
Braithwaite, LA. 70040

- 6 -

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I CAUSED TO BE SERVED A TRUE COPY OF THE ABOVE DOCUMENT UPON: FRANK CROWLEY — SPECIAL ASST. U.S. ATTORNEY D.H.S — OFFICE OF THE CHIEF COUNSEL P.O. BOX 8728 — JFK STATION BOSTON, MASS. 02114 BY MAILING, 1st CLASS POSTAGE PRE PAID ON THIS THE 16th DAY OF JUNE 2005

ALEXANDER A. OYENUGA
/s/
P.P.D.C. 110 PRISON ROAD
BRAITHWAITE, LA. 70040